UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RYAN M. ALLEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:04-CV-505-PRC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court following a bench trial held on October 25, 2006. Plaintiff Ryan M. Allen failed to appear in person or by counsel for the scheduled 9:00 a.m. bench trial. He failed to notify the Court, directly or indirectly, of any reason for his absence. Defendant and Counterclaimant the United States of America appeared by counsel Joseph S. Reid. A bench trial was not held on the Complaint due to Mr. Allen's failure to prosecute the Complaint. A bench trial was held on the Counterclaim on which the Court received evidence. As set forth in this Order, the Court dismisses Mr. Allens's Complaint pursuant to Federal Rule 41(b) for a failure to prosecute, and the Court enters judgment in favor of the United States of America on the Counterclaim.

**PROCEDURAL BACKGROUND**

On November 19, 2004, Ryan Allen filed a Complaint in the Lake Superior Court against the United States Postal Service and Willie Johnson with a jury demand. On December 7, 2004, the United States Postal Service filed a Notice of Removal with this Court, and on December 27, 2004, a Motion to Substitute Party United States as Defendant was filed by the Defendants. A Motion to Strike Jury Demand was also filed by the United States Postal Service on January 11, 2005. On

January 11, 2005, the Defendants filed an Answer. On February 1, 2005, the Court granted the Motion to Substitute and the Motion to Strike Jury Demand.

On March 3, 2005, the parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

At the preliminary pretrial hearing conducted on March 3, 2005, the Court set the bench trial in this matter for May 16, 2006.

On March 7, 2005, Defendant United States of America filed an Amended Answer and Counterclaim against Mr. Ryan. Mr. Allen, by counsel, filed an Answer to the Counterclaim on March 24, 2005.

On April 27, 2006, counsel for Mr. Allen filed a motion to withdraw his appearance, which was granted on May 3, 2006. At the hearing held on May 3, 2006, the Court reaffirmed the May 16, 2006 bench trial and Mr. Allen was ordered to appear in person for the trial. On May 4, 2006, the Court was notified of Mr. Allen's most recent contact information, and, on that date, the Court sent Mr. Allen the minutes of the May 3, 2006 hearing as well as a Notice and Trial Explanation for Pro Se Plaintiff.

On May 12, 2006, the Court entered a Pretrial Order.

On May 16, 2006, Mr. Allen appeared for the bench trial without counsel. The United States appeared by counsel, Mr. Reid, and witnesses for Defendant–Willie Johnson and William Lohrman–appeared in person as well. Mr. Allen made an oral motion for a continuance to allow for time to retain counsel or to prepare for trial, which the Court granted. The Court ordered Mr. Allen to be present for the bench trial reset for September 7, 2006 at 9:00 a.m., with or without counsel.

Mr. Allen was further ordered to pay $210.25 in costs payable to the Clerk of the United States District Court on or before September 7, 2006.

On September 1, 2006, Defendant filed a Motion to Continue the Trial Setting, which was granted on September 5, 2006. The Court vacated the September 7, 2006 trial setting and set a status conference for September 7, 2006, at 9:00 a.m.

On September 7, 2006, Mr. Allen and the United States by Mr. Reid appeared. The Court ordered Mr. Allen to pay the previously imposed costs of $210.25 in full on or before October 16, 2006. The bench trial was reset for October 25, 2006, at 9:00 a.m., without objection by either party. The Court notified the parties at that time that if either party failed to appear for the bench trial, the Court would summarily dismiss the Complaint and/or Counterclaim for failure to prosecute.

On October 25, 2006, Mr. Allen did not appear for the bench trial, and Mr. Reid on behalf of Defendant appeared. At the bench trial, the Court dismissed Mr. Allen's Complaint pursuant to Federal Rule of Civil Procedure 41(b) and heard evidence on Defendant's Counterclaim.

**ANALYSIS**

**A.  Involuntary Dismissal of Complaint**

On September 7, 2006, both Ryan Allen and attorney Joseph Reid appeared in person for a status conference, and the in-person status conference was held. At that time, in open court, Mr. Allen was informed by the Court that the bench trial was rescheduled to be held on October 25, 2006, at 9:00 a.m. He was further notified by the Court that, should he fail to appear, his Complaint might be dismissed by the Court for failure to prosecute or the trial might be held in his absence.

3

On October 16, 2006, the Courtroom Deputy Clerk/Case Manager for this Court spoke with Mr. Allen while he was present in the United States Courthouse and as a courtesy reminded him of the October 25, 2006, 9:00 a.m. bench trial.

On October 25, 2006, Mr. Allen failed to appear in person or by counsel for the scheduled 9:00 a..m. bench trial.  The Court received no communication from him or anyone on his behalf regarding his absence.  The Court finds that Mr. Allen had personal, actual, advance notice of the bench trial and that he waived his right to be present and participate.

On oral motion made in open Court on October 25, 2006, by counsel for the United States, the Court involuntarily dismissed Mr. Allen's Complaint pursuant to Federal Rule of Civil Procedure 41(b) for his failure to prosecute the Complaint.  All relief requested therein was denied.

### B.  The Counterclaim

*1. Factual Findings*

At the October 25, 2006 bench trial, the Court received evidence on the Counterclaim of the Defendant United States of America.  The Court makes factual findings as follows.

On November 2, 2002, in the downtown area of the City of Hammond, Lake County, Indiana, Ryan Allen was operating a truck traveling north on Hohman Avenue at a fast rate of speed for that urban area.  Willie Johnson III was operating a United States Postal Service truck traveling west on Fayette Street.  Both vehicles entered the intersection of Hohman Avenue and Fayette Street at approximately the same time.  Mr. Allen's truck collided with the United States Postal Service truck, causing damage to the front left quarter panel area of the United States Postal Service truck.

At the time each vehicle entered the intersection and at the time of the collision, the traffic light at that intersection was green for Willie Johnson III driving the United States Postal Service truck, indicating that he had the right of way; the light was red for Mr. Allen driving his truck, indicating that he did not have the right of way.

The total amount of property damage caused to the United States Postal Service truck is $3,827.71, measured by the cost of repair.

At the time of the collision, Willie Johnson III was in all respects acting as an employee of the United States Postal Service, and he was within the scope and duties of his employment.

*2. Conclusions of Law*

In order to recover under a theory of negligence, the United States must show (1) that a duty of care was owed to the United States, (2) that Mr. Allen breached that duty, and (3) that the breach proximately caused the United States' damages. *Estate of Cullop v. State*, 821 N.E.2d 403, 407 (Ind. Ct. App. 2005) (citing *Sizemore v. Templeton*, 724 N.E.2d 647, 650 (Ind. Ct. App. 2000)). In Indiana, "[a]ll operators of motor vehicles have a general duty to use ordinary care to avoid injuries to other motorists." *Wilkerson v. Harvey*, 814 N.E.2d 686, 693 (Ind. Ct. App. 2004) (citing *Allied Fidelity Ins. Co. v. Lamb*, 361 N.E.2d 174, 180 (Ind. Ct. App. 1977)).

Indiana Code § 9-21-4-18 provides that a person who drives a vehicle must obey the markings or signs posted under this chapter. Indiana Code § 9-21-3-7 sets forth the meaning of a red traffic light and its application to a driver, providing, in part, that "vehicular traffic facing a steady circular red signal alone shall stop at a clearly marked stop line." Ind. Code § 9-21-3-7(b)(3)(A). However, negligence per se does not constitute liability per se, and the trier of fact must

determine whether the negligence per se was the proximate cause of the injury before the violation constitutes actionable negligence. *See McBride v. Cole Assocs.*, 753 N.E.2d 730, 739 (Ind. Ct. App. 2001) (citing *Ray v. Goldsmith*, 400 N.E.2d 176, 178 (Ind. Ct. App. 1980)).

In this case, Mr. Allen had a duty to obey the traffic signal controlling the road that he was driving on and he had a duty to use ordinary care to avoid injuries to other motorists. On November 2, 2002, Mr. Allen proceeded through the intersection of Hohman and Fayette streets under a red light, failing to stop and yield the right-of-way to Willie Johnson III. As a result of his failure to obey the red light, he collided with the United States Postal Service truck driven by Willie Johnson III that was proceeding into the intersection under a green light. The Court finds that Mr. Allen was 100% at fault for the collision and that the United States of America was 0% at fault. The Court also finds that Mr. Allen's negligence in failing to stop at the red light proximately caused the physical damage to the United States Postal Service vehicle. As a result, the Court finds that Mr. Allen is liable for the physical damage to the United States Postal Service in the amount of $3,827.71.

The Court notes that it has previously ordered Mr. Allen to pay $101.25 for mileage incurred by the United States Postal Service for the appearance of William T. Lohrman at the scheduled May 16, 2006 bench trial. *See* DE 30. Therefore, Mr. Allen is liable to Defendant United States of America in the total amount of $3928.96.

In addition, the Court ordered Mr. Allen to pay the $100 to the Court on or before October 16, 2006. Mr. Allen did not do so. The Court now **REAFFIRMS** its prior Order and now further **ORDERS** that Mr. Allen pay the $100 to the Clerk of Court in accordance with the Court's prior orders on or before **November 17, 2006.**

6

## ENTRY OF JUDGMENT

The Court now **DIRECTS** the Clerk to **ENTER JUDGMENT** in favor of Defendant United States of America and against Plaintiff Ryan M. Allen in the total amount of $3928.96.

SO ORDERED this 27th day of October, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record